```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                        HAMMOND DIVISION
```

```
PAUL VERCEL,                      )
                                  )
Plaintiff,                        )
                                  )
    v.                            )   NO. 2:06-CV-90
                                  )
GEORGE PABEY, et al.,             )
                                  )
Defendants.                       )
```

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment [D.E. # 45] filed on February 2, 2007; Defendants' Motion to Strike Certain Matter Asserted as Fact by Plaintiff in Opposition to Defendants' Motion for Summary Judgment [D.E. # 59] filed on May 10, 2007; and Defendants' Supplemental Motion to Strike Certain Matter Asserted as Fact by Plaintiff in Opposition to Defendants' Motion for Summary Judgment [D.E. # 67] filed May 25, 2007. Defendants' motion for summary judgment is **DENIED** with the right to re-file. Defendants' motion to strike and supplemental motion to strike are **DENIED AS MOOT**. On re-briefing, the parties are **ORDERED** to comply with the local rules and the guidelines available on my website, *i.e.,*

http://www.innd.uscourts.gov/judges/lozano/docs/Guidelines.pdf.

Here, the parties briefs do not adequately address each and every element of Plaintiff's case. Accordingly, on re-briefing, the Defendants must set forth each and every issue in Plaintiff's case that Defendants contend is ripe for summary judgment and, with appropriate legal support and citations to the record, explain why any issues of fact are not material and why Defendants are entitled to judgment as a matter of law. Furthermore, because it is unclear what Plaintiff's claim even is, in this specific instance, Plaintiff must set forth every element with specificity, whether raised by Defendants or not, with the corresponding citations to the record and with legal support. For instance, Plaintiff must state and support with citations to the record and with case support, if appropriate, (1) who allegedly was involved in the decision resulting in the adverse employment action, (2) how the individuals identified in (1) were involved, (3) what the alleged adverse employment action is, (4) what the alleged constitutionally protected conduct is, (5) what allegedly tends to prove that the protected conduct was a substantial factor in the decision-maker's decision that resulted in the adverse employment action and (6) why the evidence in (5) allegedly tends to prove that the protected conduct was a substantial factor in the decision-maker's decision.

Because both Plaintiff's and Defendants' attorneys are familiar with the issues in this case, despite the timing set forth in Local Rule 56.1, the re-briefing schedule will be condensed as

2

follows: Defendant's motion for summary judgment, brief in support, and statement of material facts is due on or before August 24, 2007. Plaintiff's brief in opposition and statement of genuine issues is due on or before September 21, 2007. Defendants' reply brief is due on or before October 5, 2007.


**DATED: July 26, 2007**                    **/s/ RUDY LOZANO, Judge**
                                            **United States District Court**

3